# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Benjamin Zarn,<br><br>*Plaintiff*,<br><br>vs<br><br>Minnesota Department of Human Services,<br><br>*Defendant*. | Court File No. 22-cv-1756<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Benjamin Zarn ("Plaintiff Zarn") makes the following allegations for his Complaint against Defendant Minnesota Department of Human Services ("MDHS").

## INTRODUCTION

1. In September, 2021, the Defendant MDHS mandated that all its employees receive the Covid-19 vaccination or undergo weekly Covid-19 testing as a condition of continuing their employment ("Vaccine Mandate"). Some of the Defendant MDHS's employees, including Plaintiff Zarn, objected to receiving the vaccination or testing because of his sincerely-held religious beliefs. Plaintiff Zarn filed a request for a religious exemption with Defendant MDHS.

2. Although MDHS approved Plaintiff's religious exemption from taking the Covid-19 vaccination, Defendant MDHS required Plaintiff to undergo periodic Covid-19 testing. Defendant MDHS later rescinded the testing requirement but adopted another policy discriminating against Plaintiff and other unvaccinated employees by disqualifying them from receiving Covid pay in the event they contracted Covid-19 at work.

3. Defendant MDHS has discriminated against Plaintiff Zarn in employment based solely on Plaintiff Zarn's refusal to take the Covid-19 vaccine.

4. Based on Defendant MDHS's implementation of the Vaccine Mandate and its refusal to grant Plaintiff Zarn his request for a religious exemption, Plaintiff Zarn brings claims under Title VII for religious discrimination, the Americans with Disabilities Act ("ADA") based on the Vaccine Mandate, related state claims under the Minnesota Human Rights Act for religious discrimination and disability discrimination.

## JURISDICTION AND VENUE

5. Plaintiff Zarn has fulfilled the jurisdictional requirements of Title VII of the Civil Rights Act of 1964 and the ADA, including the filing of a Charge with the EEOC, and the receipt of a right-to-sue letter from Equal Employment Opportunity Commission ("EEOC") following closure of the EEOC file, all in compliance with 42 U.S.C. §2000e-5(f)(1).

6. This Court has original subject matter jurisdiction over this case, as it raises claims pursuant to federal statute, pursuant to 28 U.S.C. §1331. This Court further has supplemental jurisdiction over the Plaintiff Zarn's state law claims pursuant to 28 U.S.C. §1367.

7. This Court has personal jurisdiction over Defendant MDHS because it is a department of the State of Minnesota, operating in and located in the State of Minnesota.

8. Defendant MDHS is subject to the provisions of Title VII and the ADA because Defendant MDHS employs more than fifteen employees in each of twenty or

more calendar weeks in the current or preceding calendar year under 42 U.S.C. §2000e (b) and 42 U.S.C. §12111 (5)(A).

9. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(e)(1) because the actions giving rise to this cause of action occurred in Minnesota, and each Defendant MDHS conducts business in the State of Minnesota.

## PARTIES

10. Plaintiff Zarn is a Nicollet County, Minnesota resident who has worked for the Saint Peter Regional Treatment Center, a division of Minnesota government under the Defendant MDHS as a forensic support specialist. Plaintiff has performed this work for nearly four years, including performing personal care for patients of the Saint Peter Regional Treatment Center.

11. Defendant MDHS is a Department of the Executive branch of the Minnesota government with its commissioner appointed by the Governor.

## FACTS

12. During the Covid-19 pandemic in 2020 and 2021, Plaintiff Zarn was asked to work his own and frequently additional shifts in order to cover the increase in treatment and care for patients during the height of the Covid-19 pandemic. At that time, Plaintiff Zarn, while unvaccinated, continued to work during the pandemic while employed by Defendant MDHS. Many times Plaintiff Zarn provided long-term care for patients who had tested positive for Covid-19.

13. Defendant MDHS recognized the important work that all of its employees were doing—the unvaccinated and the vaccinated.

14. However, despite that the status quo was working, Defendant MDHS implemented the Vaccine Mandate in September 2021 for all MDHS employees. The Vaccine Mandate stated that all State of Minnesota staff, including those working with the Defendant MDHS either get "submit proof of full Covid-19 vaccination" or "must undergo mandatory Covid-19 testing at least weekly." Defendant instituted the Vaccine Mandate because it found the Vaccine Mandate to be "the best way to prevent infection [from Covid-19]."

15. Further, if the employees were unable to provide proof of Covid-19 vaccination or refused to "submit to a Covid-19 test … will be excluded from the workplace, and may be subject to disciplinary action, up to and including discharge." Refusal to submit to a Covid-19 test could also subject an employee to being "sent home and place in no-pay status."

16. Defendant MDH did not provide a process for Plaintiff to request a religious exemption to the Vaccine Mandate or alternative testing requirement, but nonetheless Plaintiff did submit a request for a religious exemption to the Covid-19 Vaccine Mandate. Defendant MDHS denied that request and required Plaintiff Zarn to test weekly.

17. Plaintiff Zarn is a Roman Catholic who believes that he has a personal relationship with Jesus Christ, his Savior. He also believes that his body is a Temple of the Holy Spirit. Plaintiff Zarn also believes in the sanctity of life from conception. Since

4

the available vaccines were produced with, or tested with, cells from aborted babies, he believes that to take the vaccine would make him complicit in the wrongful taking of human life, and would be immoral and sinful.

18. Plaintiff Zarn submitted to weekly testing despite it being discriminatorily applied.

19. Plaintiff Zarn contracted Covid-19 and recovered, which has provided him with natural immunity. He has taken two anti-body tests and both came back showing he had strong anti-body protection against Covid-19. Thus, he has little, if anything, to gain by receiving the vaccine, and he poses little or no risk to patients or other co-workers.

20. Plaintiff Zarn received positive job performance reviews while he worked for Defendant MDHS.

21. Plaintiff Zarn is aware of a person who became ill shortly after having received the Covid-19 vaccine, and who quickly died.

22. Plaintiff Zarn refused to get the vaccine, and so he tested weekly for Covid-19 from late 2021 until May 2022.

23. In May 2022, Defendant rescinded its vaccine testing requirement for unvaccinated employees, but replaced that policy with a policy further discriminating between vaccinated and unvaccinated employees. If a vaccinated person contracted Covid at work, this employee could take time off but be paid special Covid pay. If an unvaccinated employee contracted Covid at work, the unvaccinated employee is ineligible for the Covid pay. That discrepancy now exists despite the fact that as a covid

recovered employee, Plaintiff's immune system is far more resistant against Covid-19 than his vaccinated counterparts who have not had the virus.

24.     The Plaintiff submitted a good-faith statement of his sincerely-held religious beliefs, with an explanation of how his faith constrained him from accepting the Covid-19 vaccination.  Defendant discriminated against Plaintiff by requiring testing of him because he was not vaccinated.  Then Defendant MDHS has discriminated against Plaintiff Zarn in the granting and denying of government benefits.  Further, Defendant never considered allowing Plaintiff to be accommodated by simply doing his job in the way he had been doing it for over one and one-half years prior to the Vaccine Mandate.

25.     Defendants, in issuing the Vaccine Mandate, instructed that all of their employees must be vaccinated, despite the fact that the phrase vaccinated has changed from one shot, to two shots, then three shots, then four shots, and even a discussion of a fifth shot or annual shots.

26.     Defendant issued the Vaccine Mandate mandating its employees, including Plaintiff, taking the Covid-19 vaccine despite accumulating evidence that the Covid-19 vaccine does not provide protection as long lasting as had been previously represented, does not prevent infection or transmission, but only allegedly reduces the severity of Covid-19 if a person contracts Covid-19.  A very recent study indicates that people who took the Covid-19 vaccine are actually more likely to be hospitalized than people with natural immunity.

27. While many claimed that the Covid-19 pandemic was a pandemic of the unvaccinated, now the overwhelming majority of people with Covid-19 were vaccinated to one extent or another.

28. The numbers of patients hospitalized because of Covid-19 positive status has also been overstated because many were hospitalized for other causes, not because of Covid-19.

29. Thus, the extent of Covid-19 infections, the severity of the Covid-19 infection, the efficacy of the vaccines, and the time-length of vaccine protection may all have been overstated, contributing to an over exuberance in mandating vaccines, and punishing the unvaccinated, as Defendants have done as set forth above.

30. Plaintiff Zarn filed a charge of discrimination with the EEOC, and the EEOC issued Plaintiff Zarn Right to Sue letters dated April 12, 2022, and May 16, 2022.

### FIRST CAUSE OF ACTION

**Religious Discrimination and Failure to Accommodate under Title VII of the Civil Rights Act of 1964**

31. Plaintiff Zarn restates and realleges paragraphs 1 through 30 as if fully set-forth herein.

32. Defendant MDHS is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

33. Plaintiff Zarn is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

34. Plaintiff Zarn has sincerely held religious beliefs which prevented him from receiving the Covid-19 vaccine. Plaintiff Zarn's opposition to the Covid-19 vaccine and testing arose because of his sincerely held religious beliefs.

35. Plaintiff Zarn informed his employer Defendant MDHS of the conflict between his religious beliefs to taking the Covid-19 vaccine and to testing for the Covid-19 vaccine.

36. Title VII of the Civil Rights Act prohibits discrimination on the basis of religion. *Id*. § 2000e-2. The Act further requires covered employers to provide reasonable accommodation to their employees' sincerely held religious beliefs. *Id*. § 2000e(j).

37. The Act prohibits Defendant MDHS from scrutinizing what the Defendant MDHS believes to be the sincerity of Plaintiff Zarn's religious beliefs, or whether Plaintiff Zarn's exercise of his beliefs is logical or as consistent as Defendant MDHS believes the exercise of those religious beliefs should be.

38. Guidance issued by the Equal Employment Opportunity Commission and decisions of the federal courts require that requests for reasonable accommodation be considered based on their individual, particularized circumstances, and that any claim of undue hardship or "direct threat" by the employer be assessed on a case-by-case basis rather than through application of a blanket rule.

39. As set forth above, Defendant MDHS could have accommodated Plaintiff Zarn's request for a religious exemption without suffering any undue hardship by having him continue to do his job the same as he had done for the last one and one-half years of

his employment, without the vaccine, the testing requirement, or the discrimination between how vaccinated and unvaccinated employees are treated.

40. Defendant MDHS's actions constitute discrimination on the basis of religion and failure to accommodate, all in violation of 42 U.S.C. §§ 2000(e)-2 and 2000(e)(j).

41. Because of Defendant MDHS's unlawful actions, Plaintiff Zarn suffered and continues to suffer economic and other damages in amounts to be proven at trial, including lost benefits, exemplary damages, emotional distress damages, compensatory damages, punitive damages, and attorney fees in excess of $75,000.

## SECOND CAUSE OF ACTION

### State law religious discrimination claim under MHRA 363A.08

42. Plaintiff Zarn restates and realleges paragraphs 1 through 41 as if fully set-forth herein.

43. Minn. Stat. Sec. §363A.01, et seq. prohibits discrimination in employment based on religion.

44. Defendant MDHS is an "employer" within the meaning of Minn. Stat. §363A.01.

45. Plaintiff Zarn is an "employee" within the meaning of Minn. Stat. §363A.01.

46. Plaintiff Zarn has sincerely held religious beliefs which prevented him from receiving the Covid-19 vaccine and from being tested for Covid-19.

47. Plaintiff Zarn informed Defendant MDHS employer of the conflict between Plaintiff Zarn's religious beliefs and the Vaccine Mandate.

48. Minn. Stat. §363A.01 et seq. prohibits discrimination on the basis of religion and further requires covered employers to provide reasonable accommodation to its employees' sincerely held religious beliefs.

49. Minn. Stat. §363A.01 et seq. prohibits Defendant MDHS from scrutinizing what it believes to be the sincerity of Plaintiff Zarn's religious beliefs, or whether Plaintiff Zarn's exercise of his beliefs is logical or as consistent as Defendant MDHS believes the exercise of those religious beliefs should be.

50. In response to the Plaintiff Zarn's requests for reasonable accommodation of his sincerely-held religious beliefs, Defendant MDHS applied a uniform, blanket rule in rejecting Plaintiff Zarn's request, in violation of the law on reasonable accommodation.

51. Despite Plaintiff Zarn's request for Defendant MDHS employer to engage in dialogue regarding Plaintiff Zarn's request for a religious exemption, the Defendant MDHS refused throughout to engage in the interactive process, and instead Plaintiff Zarn's employer Defendant MDHS continues to discriminate against Plaintiff Zarn for generalized, unsupported reasons not consistent with current scientific data.

52. Defendant MDHS's actions constitute discrimination on the basis of religion and failure to accommodate, all in violation of Minn. Stat. §363A.01 *et seq.*

53. Because of Defendant MDHS's unlawful actions, Plaintiff Zarn has suffered and continues to suffer economic and other damages in amounts to be proven at

trial, including lost benefits, exemplary damages, emotional distress damages, compensatory damages, punitive damages, and attorney fees in excess of $75,000.

## THIRD CAUSE OF ACTION

### Discrimination and Failure to Accommodate under the ADA, 42 U.S.C. § 12101 *et seq.*

54. Plaintiff Zarn restates and realleges paragraphs 1 through 53 as if fully set-forth herein.

55. Defendant MDHS is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

56. Plaintiff Zarn was an "employee" of Defendant MDHS employer within the meaning of 42 U.S.C. § 12111(4).

57. The ADA, at 42 U.S.C. §12112 (d)(4)(a), prohibits employers from requiring current employees to undergo medical examinations or inquires unless it is job related and consistent with business necessity.

58. Defendant MDHS's Vaccine Mandate violated 42 U.S.C. §12112 (d)(4)(a).

59. As a result of Defendant MDHS's actions in violation of the ADA, Plaintiff Zarn suffered and continues to suffer economic and other damages in amounts to be proven at trial, including lost benefits, exemplary damages, emotional distress damages, compensatory damages, punitive damages, and attorney fees in excess of $75,000.

## FOURTH CAUSE OF ACTION

### Wrongful Violation of Minnesota Refusal of Treatment Statute

60. Plaintiff Zarn restates and realleges paragraphs 1 through 59 as if fully set-forth herein.

61. Minn. Stat. §12.39 creates a right for individuals "to refuse medical treatment, testing, physical or mental examination, [or] vaccination. . . ." The law further requires that those health care professionals administering vaccination notify the individual of the right to refuse the vaccination. *Id*. §12.39, Subd. 2 (the "Refusal of Treatment" statute).

> "… *individuals* have a f*undamental right* to *refuse* medical treatment, testing, physical or mental examination, *vaccination*, participation in experimental procedures and protocols, …". *Minn. Stat. § 12.39, Subd. 1* (emphasis added).
>
> Further, "before performing … vaccination of an individual … a *health care provider* shall *notify the individual* of the *right to refuse* the … vaccination, ….". *Minn. Stat. § 12.39, Subd. 2 (*emphasis added*).*

62. Plaintiff Zarn is an "individual" who has a "fundamental right" to "refuse medical treatment" and "vaccinations."

63. Defendant MDHS is a "health care provider" (*Minn. Stat. § 12.39, Subd. 2*), who is obligated to "notify the individual of the right to refuse vaccinations." Further, the underlying policy applies to the government.

64. The State of Minnesota is no longer under a state-declared "emergency," as Governor Timothy Walz officially ended the State's emergency effective June 30, 2021.

65. Plaintiff Zarn has objected to being required to undergo compulsory medical treatment, including invasive injections, vaccinations, and testing. This refusal is protected by Minn. Stat. §12.39, and constitutes a refusal to engage in conduct contrary to Minnesota Public Policy. As a result of Plaintiff Zarn's refusal to accede to Defendant MDHS's Vaccine Mandate, Plaintiff Zarn has been harassed, and had his earned benefits taken away.

66. Defendant MDHS's actions in punishing the Plaintiff Zarn for refusing to engage in conduct prohibited by state law and public policy constitutes wrongful discrimination.

67. Defendant MDHS changed its Vaccine Mandate policy in September, 2021 from being voluntary to being mandatory, and further changed its policy in May 2022 to eliminate the testing but replace it with a different kind of discrimination.

68. As a result of Defendant MDHS's illegal actions taken against Plaintiff Zarn, the Plaintiff Zarn has suffered and continues to suffer economic and other damages in amounts to be proven at trial, including lost benefits, exemplary damages, emotional distress damages, compensatory damages, punitive damages, and attorney fees in excess of $75,000.

## JURY DEMAND

Plaintiff Zarn demands a trial by jury on all claims and issues for which he has a right to trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zarn above-named prays for judgment in his favor and against Defendant MDHS for an Order of the Court as follows:

1. Adjudging that Defendant MDHS is liable to Plaintiff Zarn for his actual damages in an amount to be proven at trial, including lost benefits, exemplary damages, t, interest, emotional distress and pain and suffering, compensatory damages, punitive damages, and any damages or penalties available at law;

2. Enjoining Defendant MDHS from taking further illegal action against Plaintiff Zarn in violation of both state and federal law, and Ordering Defendant MDHS to take action to restore Plaintiff Zarn to his position he would have enjoyed absent Defendant MDHS's illegal conduct;

3. Awarding Plaintiff Zarn his costs, reasonable attorney fees, prejudgment interest, and any other relief permitted by statute; and

4. Awarding such other relief as the Court may deem just and equitable.

Dated: July 11, 2022

*s/Gregory M. Erickson*
Gregory M. Erickson, 276522
Vincent J. Fahnlander, 19220X
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Email: erickson@mklaw.com
Email: fahnlander@mklaw.com
*Attorneys for Plaintiff Benjamin Zarn*