## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BENJAMIN ZARN,

        Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 22-01756 (MJD/DTS)

MINNESOTA DEPARTMENT OF
HUMAN SERVICES,

        Defendant.

Gregory M. Erickson and Vincent J. Fahnlander, Mohrman, Kaardal, & Erickson, PA, Counsel for Plaintiff.

Amanda E. Prutzman and Ian Wesley Taylor, Jr., Minnesota Attorney General's Office, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Counts

II and IV of the Complaint.  (Doc. 11.)

## II.    RELEVANT FACTS

Plaintiff, an employee of the Minnesota Department of Human Services

("DHS"), disagreed with DHS's vaccine mandate, which was implemented in

1

September 2021 in the wake of the Covid-19 pandemic, requiring all DHS

employees to either submit proof of vaccination or undergo mandatory Covid-19

testing at least weekly.  (Compl.  ¶ 14.)  Employees who refused to comply with

the policy by submitting proof of vaccination or submitting to testing were

subject to discipline, up to, and including, discharge.  (Id. ¶ 15.)

Plaintiff applied for a religious exemption from the policy, which DHS

denied because there was no process by which to request a religious exemption

to the policy.  (Id. ¶ 16.)  Plaintiff alleges that an exemption would have meant a

total exemption from all parts of the Covid-19 policy.  (Id. ¶ 24.)  DHS required

Plaintiff to test weekly.  (Id. ¶ 16.)

Plaintiff is a citizen of Minnesota suing DHS in federal court for state law

claims in Counts II and IV of the Complaint.  DHS filed a motion to dismiss these

two claims on August 15, 2022.  Plaintiff's response was due by September 6,

2022 per D. Minn. LR 7(c)(2).   Plaintiff, who is represented by counsel, has not

responded to this motion although he, through counsel, has participated in the

case in other ways (i.e., by meeting and conferring twice in an attempt to resolve

the instant dispute (Doc. 13) and meeting and conferring in a Rule 26(f)

conference regarding a proposed scheduling order (but then failing to make an

appearance at the initial pretrial conference) (Doc. 21).)   Defendant filed a reply letter with the Court's permission merely stating that the Motion to Dismiss was unopposed.  (Doc. 19.)  Defendant does not seek sanctions from Plaintiff.

Count II alleges "State law religious discrimination . . . under MHRA." (Compl.  ¶¶ 42-53.)   Count IV alleges "Wrongful Violation of Minnesota Refusal of Treatment Statute [Minn. Stat. § 12.39]."  (Id. ¶¶ 60-68.)

## III.    PLAINTIFF'S FAILURE TO RESPOND

The deadline to respond to Defendant's Motion to Dismiss Counts II and IV was September 6, 2022.  Plaintiff has not responded.  Therefore, this motion is unopposed.  Plaintiff's  noncompliance, however, is not sufficient reason on its own to grant Defendant's motion.  Johnson v. Boyd–Richardson Co., 650 F.2d 147, 149–50 (8th Cir. 1981) (holding that it is "the court's duty to inquire into the merits of the motion . . .  in accordance with law and the relevant facts," regardless of whether a party has complied with the local rules); Savior v. McGuire, No. CIV. 02-1272(RHK/AJB), 2002 WL 1906023, at *2 (D. Minn. Aug. 15, 2002), aff'd, 61 F. App'x 318 (8th Cir. 2003) (same).  Accordingly, the Court will examine the merits of Defendant's motion.

## IV.   COUNTS II AND IV MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In Count II, Plaintiff alleges that by enforcing the Covid-19 policy, DHS failed to provide him a reasonable religious accommodation and discriminated against him on the basis of religion.  (Id. ¶¶ 42-53.)  In Count IV, which Plaintiff brings under what he calls the Minnesota Refusal of Treatment Statute, Plaintiff alleges that DHS is a healthcare provider obligated to notify individuals of the right to refuse vaccinations under that statute and that he has a right to refuse vaccinations and testing pursuant to state law.  (Id. ¶¶ 60-68.)

### A.   Subject Matter Jurisdiction

#### 1.   Standard for Motion to Dismiss under Rule 12(b)(1)

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide."  Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).  "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments."  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted).  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is

successful if the plaintiff fails to allege an element necessary for subject matter

jurisdiction." Id. (citations omitted).

## 2. Sovereign Immunity

The claims are barred by Eleventh Amendment sovereign immunity.

"Sovereign immunity is a jurisdictional, threshold matter that is properly

addressed under Rule 12(b)(1)." Keselyak v. Curators of the Univ. of Mo., 200 F.

Supp. 3d 849, 853 (W.D. Mo. 2016) (citation omitted), aff'd, 695 F. App'x 165 (8th

Cir. 2017).

> The Eleventh Amendment bars federal court jurisdiction over state
> law claims against unconsenting states or state officials when the
> state is the real, substantial party in interest, regardless of the
> remedy sought.  This constitutional bar applies with equal force to
> pendent state law claims.

Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir. 2000) (citations

omitted).  Eleventh Amendment protections apply to instrumentalities of the

state. Id.

> The test for determining whether a State has waived its immunity
> from federal court jurisdiction is a stringent one.  A State is deemed
> to have waived its immunity only where stated by the most express
> language or by such overwhelming implication from the text as will
> leave no room for any other reasonable construction.  The interests
> of Federalism require that such a waiver be clear and unequivocal.
> Importantly, [a] State's general waiver of sovereign immunity is

insufficient to waive Eleventh Amendment immunity; the state must specify an intent to subject itself to <u>federal court jurisdiction</u>.

<u>Id.</u> at 969 (emphasis in original) (citations omitted).

In the MHRA, the state of Minnesota "only consented to suit in its own state courts." <u>Id.</u> Thus, "Minnesota is immune from MHRA claims in federal court." <u>Phillips v. Minn. State Univ. Mankato</u>, No. CIV. 09-1659 (DSD/FLN), 2009 WL 5103233, at *3 (D. Minn. Dec. 17, 2009) (citations omitted). Moreover, a state's courts are part of the state and, thus, are protected by sovereign immunity. <u>Harris v. Missouri Court of Appeals, W. Dist.</u>, 787 F.2d 427, 429 (8th Cir. 1986) ("[C]ourts as entities . . . are protected by state immunity under the eleventh amendment."). <u>See also Collins v. Dakota County Dist. Court</u>, 435 F. App'x 581, 581 (8th Cir. 2011).

"Without jurisdiction the court cannot proceed at all in <u>any</u> cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) (emphasis added) (citation omitted).

**B.    Conclusion**

The state law claims in Counts II and IV of the Complaint are therefore

barred in federal court by sovereign immunity and are dismissed.

## V.      COUNT IV MUST ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.      Standard for Motions to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state

a claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  <u>Zutz v. Nelson</u>, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include
> detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.

<u>Id.</u> (citations omitted).

In deciding a motion to dismiss, the Court considers the complaint and

"materials that are part of the public record or do not contradict the complaint, as

well as materials that are necessarily embraced by the pleadings.  For example,

courts may consider matters of public record, orders, items appearing in the

record of the case, and exhibits attached to the complaint." <u>Greenman v. Jessen</u>,

787 F.3d 882, 887 (8th Cir. 2015) (citations omitted).

**B.     Count IV**

Count IV of the Complaint states that Minn. Stat. § 12.39 "creates a right

for individuals 'to refuse medical . . . testing . . . [or] vaccination.'"  (Compl. ¶ 61.)

This is true.  However, the statute does not provide for a private cause of action.

<u>Id.</u>  As Chief Judge Shiltz held in <u>Collingham v. City of Northfield</u>,

> [T]here is no private right of action under the Minnesota Refusal of
> Treatment statute, Minn. Stat. § 12.39. <u>See</u> <u>Becker v. Mayo Found</u>.,
> 737 N.W.2d 200, 207 (Minn. 2007) ("A statute does not give rise to a
> civil cause of action unless the language of the statute is explicit or it
> can be determined by clear implication."); <u>Haage v. Steies</u>, 555
> N.W.2d 7, 8 (Minn. Ct. App. 1996) ("A right of action that does not
> exist at common law cannot be created from regulatory statutes that
> do not expressly or impliedly identify a statutory right of action.").

No. 21-CV-2466 (PJS/JFD), 2022 WL 1558410, at *2 (D. Minn. May 17, 2022); <u>see</u>

<u>also</u> <u>Hageman v. Minnesota Dep't of Corr.</u>, No. CV 21-2096 (JRT/BRT), 2022 WL

4396465, at *3 (D. Minn. Sept. 23, 2022) ("The Eleventh Amendment bars suit

against a state brought in federal court unless the state has waived its

immunity.") (citation omitted).

In addition, as Defendant notes, there is no indication in Minn. Stat. § 12.39

that the legislature considered how the statute should apply to the state or that

the state consented to waive sovereign immunity or to be sued for a violation of

the statute.  (Doc. 14 at 7-8 (citing <u>Nichols v. State</u>, 842 N.W.2d 20, 27 (Minn. Ct.

App. 2014).)  The statute certainly does not contain the "plain, clear,

unmistakable intent of the legislature to waive the state's sovereign immunity."

(<u>Id.</u> at 8 (referring to <u>Nichols</u>, 842 N.W.2d at 27).)

This is another reason that Count IV must be dismissed.

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

(1)     Defendant's Motion to Dismiss Counts II and IV of the Complaint
        **(Doc. 11)** is **GRANTED**; and

(2)     Claims II and IV of the Complaint are **DISMISSED WITH
        PREJUDICE.**

Date:  October 19, 2022

                                    s/Michael J. Davis
                                    Michael J. Davis
                                    United States District Court