UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Benjamin Zarn,<br><br>           Plaintiff,<br><br>vs.<br><br>Minnesota Department of Human Services,<br><br>           Defendant. | Civil File No. 22-cv-01756 (MJD/DJF)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Defendant implemented its Covid-19 Vaccination and Testing Policy ("the Policy") to protect patients and staff in the workplace from a disease that killed thousands of Minnesotans. Plaintiff's failure to state that the Policy conflicted with his religious beliefs and request a religious accommodation is fatal to his case. To mask this failure, Plaintiff offers arguments misstating the record and attacking a valid discovery process. The undisputed facts show the Policy was informed by the Centers for Disease Control and the Minnesota Department of Health, Plaintiff failed to notify Defendant of a conflict between his religion and the Policy, and that even if Plaintiff had notified Defendant of a conflict and requested an accommodation, his proposed accommodation would have created an undue hardship on Defendant. Considering the undisputed facts, Defendant's motion for summary judgment must be granted.

ARGUMENT

I. **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AS TO HIS TITLE VII CLAIM.**

In its opening memorandum, Defendant argued that Plaintiff failed to exhaust his Administrative remedies regarding his Title VII claim regarding covid pay. (Doc. 38., p. 6.) Plaintiff's response that the motion is untimely and fails on the merits is plainly incorrect.

    A. **Defendant has Always Asserted that Plaintiff Failed to Exhaust Administrative Remedies.**

Plaintiff's response misstates the record when he argues that the Defendant failed to raise its failure to exhaust administrative remedies in its Partial Answer. (Doc. 43, p. 17.) This is plainly incorrect, as the Defendant's Partial Answer plainly sets forth the affirmative defense that Plaintiff failed "to exhaust his administrative remedies." (Doc. 16, p. 20.)

    B. **Defendant's Motion is Proper.**

Plaintiff misstates the law when he defines the term "bare assertion." Citing *Zotos*, Plaintiff argues that Defendants did not raise "even a 'bare assertion[,]'" (Doc. 43, p. 17), implying that somehow Defendant's affirmative defense was insufficiently pled. But that is not what *Zotos* held. In *Zotos*, the Eighth Circuit held that the defendant's bare assertion of a statute of limitations argument in its amended answer was a sufficient foundation to move for summary judgment. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). In that case, the Court held that a statement in the amended answer that the claims

2

were barred by the "applicable statutes of limitations" was sufficient. *Id.* at 360-61. *Zotos* stands for the opposite proposition Plaintiff argues in its response.

Plaintiff's misstatements of the record and the *Zotos* case do not save him from summary judgment on his Title VII claim because he failed to exhaust his administrative remedies for his Title VII claim regarding covid pay. Any claim on this issue must be denied.

### C. Plaintiff's concern regarding Covid Pay is not reasonably related to his EEOC complaints regarding religious or disability discrimination.

Plaintiff does not contest Defendant's argument that he failed to mention an issue with covid pay[1] in either of his EEOC complaints. Instead, Plaintiff argues that he exhausted his administrative remedies because his EEOC complaints identify the parties and the general action or practice challenged (Doc. 43, p. 20.) Plaintiff states he is not limited to the specific facts stated in his EEOC complaints, and that his claims may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge. (*Id.* at 21.)

Plaintiff is wrong for two reasons. First, the scope of the EEOC investigation could not be reasonably expected to result from the administrative charge because Defendant's use of paid administrative leave for Covid-19 isolation is a separate, discrete act from its implementation of the Policy. A discrete act constitutes a separate actionable unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

---

[1] Plaintiff's issue with covid pay is regarding an internal memorandum Defendant sent to its employees on the use of paid administrative leave for covid-19 isolation. (Exhibit Q.)

In *Parsi*, the plaintiff argued that although his administrative charge mentioned "only one specific incident in which he applied and was rejected for a job opening at Boeing, ninety-four subsequent incidents in which he unsuccessfully applied for job vacancies at Boeing are "reasonably related" to the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005)

The Eighth Circuit held that "Because a refusal to hire or rehire is a discrete employment action, Parisi could have identified, either in his original administrative charge or by amendment, each refusal to rehire that he contends was based upon unlawful age discrimination." *Id.* Moreover, "because refusals to hire or rehire constitute *discrete employment actions*, it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge." *Id.* (italics added.)

Defendant issued a memorandum outlining the use of paid administrative leave for Covid-19 Isolation on September 29, 2021, weeks after the implementation of the Policy and addressing a separate issue. (Compare Exhibit G with Exhibit Q.) Discrete acts are not reasonably related for the purposes of administrative exhaustions, therefore the covid pay issue is not reasonably related to the complaints about the Policy. *Parsi*, 400 F.3d at 586. Moreover, the covid pay issue could not be reasonably related to the Policy because Plaintiff never requested covid pay and was therefore never subjected to it.

In *Parisi*, the plaintiff alleged that multiple rejections of rehiring him based on his age. The plaintiff alleged he was subject to an adverse employment action based on the

defendant's refusal to hire him. Here, Plaintiff was not subject to the covid pay policy at all. Because he never requested it, as Plaintiff testified in his deposition:

> **16** Q Now, did you request what you're referring to as
> **17** COVID pay?
> **18 A I did not request COVID pay, no.**

(Zarn Dep. 72:16-18.)

Because Plaintiff never requested covid pay, it could not be reasonably related to the EEOC investigation into either of his complaints.

Plaintiff simply did not mention covid pay as an issue and therefore failed to administratively exhaust his claim. *See Parisi*, 400 F.3d 583, 585 (8th Cir. 2005) (quoting *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir.1996)) ("Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that 'there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made.'"); *see also Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.").

**II.     PLAINTIFF'S TITLE VII CLAIMS FAIL AS A MATTER OF LAW BECAUSE HIS VAGUE STATEMENTS OF CONCERN WHOLLY FAIL TO PROVIDE ANY NOTICE OF A CONFLICT BETWEEN HIS RELIGION AND TESTING AND ANY REQUEST FOR A RELIGIOUS ACCOMMODATION.**

In its opening memorandum, Defendant argued that Plaintiff's religious discrimination and failure to accommodate claim (Cout 1) failed on the merits. (Doc 38., p 10).

Plaintiff does not dispute that the *Jones* test applies to the analysis of his religious discrimination and failure to accommodate claim. *Jones v. TEK Indus. Inc.*, 319 F.3d 355, 359 (8th Cir. 2003). Plaintiff's Title VII claim fails on the merits of the *Jones* test because it is undisputed he never informed DHS that the Policy conflicted with his religious beliefs *and* he never requested a religious accommodation from DHS. Plaintiff testified he did not even bother to request an accommodation:

> 3 Q. Okay. So -- so your different route for the
> 4 religious accommodation request -- you went through
> 5 a different route for the religious accommodation
> 6 request; is that right?
> **7 A. Being that my religious exemption was going to be**
> **8 denied anyway, I went to the avenues for filing for**
> **9 discrimination, because if the answer is no, then**
> **10 why pursue it.**

(Zarn Dep. 64:3-10.) To save his case from this fatal fact, Plaintiff offered three instances of alleged communication to Defendant about the Policy. All three fail to provide any notice of a conflict between his faith and the testing or communicate any request for an accommodation.

6

### A. Plaintiff's Statement to Mr. Ryan Cates Did Not Satisfy the Employer-Notification Requirement.

Plaintiff claims he informed his Union President, Mr. Ryan Cates, of his concerns with the Policy. It is undisputed that Mr. Cates is not Plaintiff's employer. (Cates Dep. 6:13-20, 28:21-25.) It is further undisputed that Mr. Cates understood Plaintiff's statement as seeking clarity on the Policy regarding weekly testing, not a request for an accommodation. (Cates Dep. 29.) This alleged statement plainly fails to provide notice of a conflict between his religion and the Policy. Zarn was required to make Defendant aware both of the need for accommodation *and* that it is being requested due to a conflict between religion and work. *See* EEOC Compliance Manual §12-IV. (https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination) (last accessed September 11, 2024) ("Employers need not provide an accommodation unless they are on notice that one is needed for religious purposes. […] The employer must have enough information to make the employer aware that there exists a conflict between the applicant's or employee's religious observance, practice, or belief and a requirement for applying for or performing the job.").

Plaintiff neither expressed a need for an accommodation nor communicated any conflict to his employer based on his religion as required. Plaintiff's statement failed to provide notice to his employer. *See Chalmers v. Tulon Co.* of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996) ("[A] prima facie case under the accommodation theory requires evidence that [the employee] informed her employer that her religious needs conflicted with an employment requirement and asked the employer to accommodate her religious

7

needs."); *see also Redmond v. GAF Corp.*, 574 F.2d 897, 901 (7th Cir. 1978) ("Implicit within plaintiff's prima facie case is the requirement that plaintiff inform his employer of both his religious needs and his need for an accommodation."). Mr. Cates is, at best a coworker, and is not Plaintiff's employer, manager, or supervisor, and Plaintiff's communication to him did not express the need for an accommodation or a conflict.

Regardless, even if Mr. Cates was a proper person to make a request to *and* a communication satisfying *Jones* was made (they were not), Plaintiff has failed to create a genuine issue of material fact because Cates' statement is inadmissible hearsay. Fed. R. Civ. P. 56(c)(4) ("A[ ] ... declaration used to ... oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the ... declarant is competent to testify on the matters stated.); Fed. R. Evid. 801; *Edmonds v. Minneapolis Pub. Sch. Special Sch. Dist. 1*, 368 F. Supp. 3d 1329, 1338 (D. Minn. 2018) ("Hearsay evidence cannot be used to defeat a summary judgment motion").

For these reasons, Plaintiff failed to satisfy the employer-notification requirement.

**B.     Plaintiff's Email to Minnesota Management and Budget Did Not Satisfy the Employer-Notification Requirement.**

Plaintiff also argues that an email to Management and Budget satisfied the employer-notification requirement. He is wrong. On August 17, 2021, Plaintiff sent a message to the Commissioner of Minnesota Management and Budget that he had concerns about the new testing mandate. (Zarn Decl. Exhibit 12.) His message fails to indicate whether the concerns are based on religion and whether he is seeking an accommodation. Further, even if the message to MMB contained sufficient information to constitute notice

8

(it did not), Plaintiff's message to the Commissioner of a wholly separate state agency fails to establish that DHS was put on notice of a conflict.

### C. Plaintiff's February 22, 2022 Emails to Defendant Did Not Satisfy the Employer-Notification Requirement.

Third, Plaintiff argues that a February 2022 email to Defendant satisfied the employer-notification requirement. This email likewise did not satisfy the requirement. On February 18, 2022, Plaintiff sent two emails asking how to file a hostile work environment complaint. (Zarn Decl. Exhibit 8.) His messages do not indicate whether the concerns are based on religion and does not request an accommodation. Like his statements in Section II (A) and (B), these statements fail to provide notice of any conflict between his religion and testing and is not a request for an accommodation. Plaintiff's communications regarding a hostile work environment complaint and discrimination charges with the EEOC or MDHR are further immaterial because they are not requests for accommodation. Plaintiff admits he skipped right over the accommodation process, did not request an accommodation, and moved directly to "filing for discrimination." (Zarn Dep. 64:7-10.) But in order to maintain a failure to accommodate claim as a matter of law, Plaintiff must have shown he requested and was refused a reasonable accommodation. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003).

### D. Plaintiff's Argument That There Was No Investigation of His Non-Existent Request for Accommodation Is Immaterial and Irrelevant to the Motion.

Plaintiff cites a section from the deposition of Ms. Allison Kuhlman, Former Human Resources Director for St. Peter Regional Treatment Center, in attempting to argue she did

9

not personally investigate Plaintiff's interrogatory requests. (Doc. 43, pp.13-16.) But Plaintiff's argument is wholly immaterial. The cited questions *assume* that DHS knew Zarn had a religious conflict with the policy and that he made a "religious exemption request." (Doc. 43, p. 26, citing Kuhlman Dep. 26:18-23, 27:11-19.) Because it is undisputed Zarn made no request for religious accommodation, Plaintiff's reliance on Kuhlman's allegedly deficient testimony fails to raise a genuine issue of material fact sufficient to withstand summary judgment.

### III.  AN EXEMPTION FROM WEEKLY TESTING WOULD HAVE IMPOSED AN UNDUE HARDSHIP AS A MATTER OF LAW.

In its opening memorandum, Defendant argued that excusing Plaintiff from weekly testing would have imposed an undue hardship on Defendant. (Doc. 38., p. 16.) Plaintiff works in a hospital where he interacts directly with patients, occasionally holding them. (Exhibit F; Zarn Dep. 10, 14-15.) Allowing Plaintiff to be in the workplace with patients and coworkers unvaccinated and untested would create an undue hardship as a matter of law. In its opening memorandum, Defendant cited several cases and EEOC guidance to support this proposition. (Doc. 38, pp. 19-20.) Plaintiff argues that only the Eighth Circuit and the Supreme Court of the United States is binding on this Court's decision and ignores Defendant's arguments from other jurisdictions and because Defendant cites cases from other jurisdictions, it makes no argument with legal relevance[2]. (Doc. 43, p. 34.) This

---

[2]  Plaintiff doesn't point to any specific cases in its retort that Defendant's cases "are on appeal or overturned." (Doc.43, p. 34.) This may be because Plaintiff is misstating the procedural status of the cases. Defendants cited thirteen cases on pages 19-20 of its memorandum supporting its argument that the possibility of an unvaccinated individual
(Footnote Continued on Next Page)

assertion is inaccurate, because the Eighth Circuit has long accepted cases in other jurisdictions as persuasive unless clearly convinced they are wrong. *See McDuffee v. United States*, 769 F.2d 492, 494 (8th Cir. 1985); *see also Homan v. United States*, 279 F.2d 767, 773 (8th Cir. 1960) ("We have in a long line of opinions declared that, on an unsettled question of federal law, while a decision by another Court of Appeals is not compulsively binding upon us, we will, in the interest of judicial uniformity, accept it as persuasive and follow it, unless we are clearly convinced that it is wrong.") (citing *Bright v. Arkansas*, 249 F. 950, 952 (8th Cir. 1918).

Moreover, Defendant had no affirmative duty to accommodate a request that was never made. An affirmative duty to accommodate a Plaintiff is only triggered once an employer *knows* the employee needs an accommodation. 29 C.F.R. § 1605.2 ("After an employee or prospective employee notifies the employer or labor organization of his or her need for a religious accommodation, the employer or labor organization has an obligation."). Here, Plaintiff never requested an accommodation.

---

getting others sick is a non-speculative risk that a court may consider when performing an undue hardship analysis. (Doc. 38, pp. 19-20.) As of the submission of this Reply, only five cases of those cases have been appealed. One of the appeals was denied (*Does 1-3 v. Mills*, 142 S. Ct. 1112 (2022)), one was dismissed (*O'Hailpin v. Hawaiian Airlines, Inc.*, No. 22-15215, 2022 WL 3339844 (9th Cir. July 13, 2022)), two of the appealed decisions were affirmed by their respective circuit courts (*D'Cunha v. Northwell Health Sys.*, No. 23-476-CV, 2023 WL 7986441 (2d Cir. Nov. 17, 2023); and *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82 (1st Cir. 2022)), and one is currently being filed for appeal (*Kushner v. N.Y.C. Dep't of Educ.*, No. 22-cv-5265-DLI-VMS, 2023 WL 6214236, *5 (E.D.N.Y. Sept. 25, 2023)). None of the thirteen decisions were overturned.

### IV. THE POLICY WAS JOB-RELATED AND CONSISTENT WITH A BUSINESS NECESSITY UNDER THE ADA, AND THEREFORE PLAINTIFF'S UNLAWFUL MEDICAL EXAM CLAIM (COUNT III) FAILS.

In its opening memorandum, Defendant argued that Plaintiff's ADA unlawful examination claim (Count III) failed because Plaintiff was not subject to a medical examination and Defendant did not inquire into his disability status. (Doc. 38., p. 6.) Plaintiff argued in response that Defendant's weekly testing was not job-related and consistent with a business necessity. This argument also fails.

According to the EEOC, a Covid-19 viral test requires that the test be "job-related and consistent with a business necessity." U.S. Equal Emp. Opportunity Comm'n, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act and Other EEO Laws, EEOC (*https://perma.cc/R67U-5ZMX*)*. The EEOC further states that an employer's use of a Covid-19 viral test to screen employees who are or will be in the workplace will meet the "business necessity" standard when it is consistent with guidance from Centers for Disease Control and Prevention (CDC), and/or state/local public health authorities that is current at the time of testing. (*Id.*)

Defendant's Policy was informed by the Centers for Disease Control and the Minnesota Department of Health[3]. Defendant implemented the Policy for several reasons. (Exhibit G.) For one, it wanted to prevent the transmission of Covid-19, a virus considered highly contagious and potentially deadly. (*Id.*) In the month prior to implementing the Policy over 7,600 Minnesotans died from the disease. (*Id.*) At the time, the CDC and the

---

[3] "[A]ccording to the CDC and the MDH the best way to prevent infection and from spreading the disease is by being vaccinated." (Taylor Decl. 8 Exhibit G.)

12

MDH stated the best way to prevent infection and reduce spreading of the disease was by being vaccinated. (*Id.*) Defendant encouraged its employees who accessed the workplace to get vaccinated to protected staff and patients. (*Id.*) Under the EEOC's standards, this is sufficient for being job-related and consistent with business necessity.

Plaintiff works directly with civilly committed individuals experiencing mental or behavior health problems in a secure facility. (Taylor Dec., Ex. F.). Plaintiff's job description, which he acknowledged accurately reflects his job by signing, states he has the "[i]nherent responsibility" "of providing quality care in a safe environment" to these individuals. (*Id.*, pp. 1-2.)  He is required to "work safely while providing services." (*Id.*, p. 14.)  a forensic support specialist, Plaintiff meets with patients, talks with them, coaches them on how to clean their rooms, plays cards and watches television with them. (Bach Dep. 25.) He also takes patients to and from medical appointments. (*Id.*) Because Plaintiff works directly with individuals and has a responsibility to keep them safe, and because the Policy was adopted based on the public health guidance to prevent the spread of Covid-19 at the time, the Policy was job-related and consistent with business necessity.

Therefore, it is not in violation of the ADA and Plaintiff's claim should be dismissed.

V. **PLAINTIFF'S ATTEMPT TO SHIFT THE BURDEN OF PROOF ONTO DHS IN ARGUING IT RESPONDED TO DISCOVERY IN BAD FAITH FAILS.**

Plaintiff admits he never requested a religious accommodation from DHS' policy. (Zarn Dep. 64:3-10.) He signed the testing consent form on September 11, 2021 and subsequently tested weekly for the duration the Policy was in effect. (Exhibit J; Zarn Dep.

13

45). His case fails because he cannot establish two essential elements of his claim, that he notified his employer and requested an accommodation. *Jones v. TEK Indus. Inc.*, 319 F.3d 355, 359 (8th Cir. 2003). It is Plaintiff who bears the burden of proof on his claim. *Watson v. McDonough*, 996 F.3d 850, 854 (8th Cir. 2021) ("Under *McDonnell Douglass*, the plaintiff has the initial burden to establish a prima facie case for each claim."). But because he cannot meet his burden, Plaintiff attempts to distract by claiming DHS failed to respond to discovery and that is why "there is no record of [Zarn] ever informing [DHS] he had a religious belief conflicting with the [Covid-19 Policy], and no record of [Zarn] requesting an accommodation." (Doc. 43, p. 38 *citing* Doc. 38, p. 11.) That there is no record of an accommodation request is not attributable to Defendant or its discovery responses, rather, it is because *Plaintiff admits he never made a request.* (Zarn Dep. 64:3-10.) Defendant produced all documents in its possession and made all relevant players available for deposition in the case. Plaintiff argues that Defendant's email policies prevented him from finding relevant emails. (Doc. 45, ¶¶ 16-17.) All arguments regarding not having documents are inaccurate.

All relevant documents were subject to a litigation hold on April 5, 2022, more than a year before the auto-deletion policy Plaintiff describes. (*Id.*); *see also* (Taylor Supplemental Decl. ¶ 3.) Plaintiff had several months to conduct discovery and never brought a motion to compel or raised a similar discovery dispute. Plaintiff's after-the-fact argument that his undisputed lack of request for accommodation is somehow attributable to DHS's conduct during discovery in this matter must fail.

14

## VI. PLAINTIFF FAILED TO ADDRESS DEFENDANT'S ARGUMENTS REGARDING VACCINATION AND DISCIPLINE, THEREFORE WAIVING HIS RESPONSE.

Defendant argued in its opening Memorandum that Plaintiff was offered the testing alternative to eliminate any conflict between Plaintiff's objection to the vaccine and DHS's recommendation to take the vaccine. (Doc. 38, p. 15.) Plaintiff failed to respond to this argument and therefore waived any response. As a matter of law, a party who fails to respond to a particular argument at the summary judgment stage waives that argument. *Satcher v. University of Ark. At Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009). "[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument." *Id.*; *see also Salaimeh v. Messerli & Kramer, P.A.*, Civ. No. 13–3201 (DSD/HB), 2014 WL 6684970, at *2, n.2 (D. Minn. Nov. 25, 2014) (noting that plaintiff did not address certain issues raised by defendant in her opposition to summary judgment and stating "[a]lthough this court considers those claims, it notes that they have been effectively waived"); *Njema v. Wells Fargo Bank*, N.A., 124 F. Supp. 3d 852, 867 (Minn. 2015) (observing that failing to respond to defendant's statements in a motion for summary judgment regarding damages resulted in waiver of plaintiff's argument on that point and observing that Plaintiff "did not respond to this statement and, therefore, waived any argument … in connection [with] Count 2").

Defendant also argued in its opening memorandum that Plaintiff was not subject to an adverse employment action because he faced no disadvantage in terms of his employment and the harm did not treat him wors because of his religion. Plaintiff did not respond to either argument. Instead, Plaintiff reiterated the *Muldrow* standard and alleged

15

he was forced to submit to the Covid-19 testing as a condition of employment, despite the undisputed facts that Plaintiff never told Defendant that he had a religious conflict with testing and signed the consent form for testing. (Zarn Dep. 78:9-23.) Because Plaintiff failed to respond to this argument at the summary judgment stage, he waives that argument. *Satcher*, at 735.

Plaintiff argues that he was subject to an adverse action because of his religious beliefs. To support his argument, Plaintiff offers *Cole v. Group Health Plain, Inc*, a matter with scant relevance to Plaintiff's case.

In *Cole*, the Eighth Circuit held that an employer's forbiddance of wearing an orange badge lock because they did not receive the Covid-19 vaccination was a sufficient allegation under Title VII, and the "some harm" standard. 105 F. 4th 1110, 1112 (8th Cir. 2024) (citing *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354–55 (2024)). The plaintiff in *Cole* identified the lack of a badge lock, which she saw as a public identifier of her vaccination status that "subject[ed] her to scorn and ridicule." *Cole,* at 1114. Here, Plaintiff identifies only one adverse employment action: testing, which he consented to, and which applied uniformly to employees who could not present proof of vaccination status. (Exhibit G.) There is nothing in the record to suggest that testing created some public identifier of vaccination status that subjected him to the kind of scorn and ridicule the Eighth Circuit held constituted "some harm" under *Muldrow*.

Plaintiff also offers *Cole* to show that "denial of a requested religious accommodation absent a showing of undue hardship may itself constitute an adverse

16

action." 105 F.4th 1110, 1112 (8th Cir. 2024). Plaintiff cannot assert this argument, because he admits he never requested a religious accommodation.

## CONCLUSION

Plaintiff argues he raised concerns about the Policy to others. Ultimately, Plaintiff failed to communicate to DHS that the Policy conflicted with his religious beliefs and failed to request an accommodation. Even if he had, exempting Plaintiff from the Policy entirely would have created an undue hardship on the Defendant by threatening the safety of his co-workers and the hospital's patients. Further, Covid-19 testing was job-related and consistent with business necessity. Defendant requests that its motion for summary judgment be granted.

Dated: September 11, 2024

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ Ian Taylor, Jr.
IAN TAYLOR, JR. (0401548)
AMANDA PRUTZMAN (0389267)
Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 757-1348 (Voice)
(651) 282-5832 (Fax)
ian.taylor@ag.state.mn.us
amanda.prutzman@ag.state.mn.us

ATTORNEYS FOR DEFENDANT

|#5860006-v1